[No. A019663. First Dist., Div. One. Nov. 9, 1984.]

JEANETTE INGBORG MARVIN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Harold W. Teasdale and Gordon Zane, Deputy Attorneys General, for Defendant and Appellant.

Gerald M. Schneider and Robert L. Denebeim for Plaintiff and Respondent.

OPINION

ELKINGTON, J.—The Department of Motor Vehicles (Department) appeals from a judgment of the superior court, mandating the Department *not* to suspend the driver's license of plaintiff Marvin, because of her refusal to submit to a chemical test for alcohol blood content, as required in a proper case by Vehicle Code section 13353.

The appeal's single issue is whether the superior court, exercising its independent judgment on the Department's administrative record (see *Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392 [188 Cal.Rptr. 891, 657 P.2d 383], *passim*), erred in concluding that a police officer lacked probable cause to arrest plaintiff for drunken driving in violation of Vehicle Code section 23102 (now § 23152).

The facts are uncontroverted.

A police officer, about 2:40 o'clock one morning, observed a motor ve-hicle driven by plaintiff in a shopping market's uncrowded parking area. About *six times* it was driven around the parking lot, through some gas pump lanes, out onto the public street, and then back into the parking lot where it was driven in circles. The car then came to a stop in the exit driveway of the parking lot. Approaching the vehicle, the officer inquired of plaintiff why she had been so driving. As he did so, he detected a "strong odor of an alcoholic beverage on her breath and person," and also observed "that her eyes were bloodshot." He requested "that she exit from her ve-hicle" in order that he might perform "a field sobriety test." She refused to do so. Perplexed, the officer called his sergeant who, upon his arrival, "also requested the driver to perform a field sobriety test and she refused."

The complaint of arrest of plaintiff, for driving under the influence of alcohol, followed.

As noted, the issue before the superior court, and now before this court, is whether, on the uncontroverted facts, probable cause existed for the arrest of plaintiff Marvin.

In light of the public danger attending the reckless and drunken driving of automobiles, it was manifestly reasonable for the officer to step up to the stopped vehicle and inquire of its driver the reason for its erratic operation. ■ "It is now settled law 'that circumstances short of probable cause to make an arrest may still justify an officer's stopping . . . motorists on the streets for questioning.'" (*People* v. *Rios* (1983) 140 Cal.App.3d 616, 621 [189 Cal.Rptr. 634].)

■ And when, upon questioning plaintiff, the officer detected the "strong odor of an alcoholic beverage on her breath and person," the cir-cumstances reasonably became "consistent with criminal activity," i.e., drunk driving. Such circumstances: "permit—even demand—an investiga-tion: the public rightfully expects a police officer to inquire into such cir-cumstances 'in the proper discharge of the officer's duties.' . . . No reason appears for a contrary result simply because the circumstances are also 'consistent with lawful activity,' as may often be the case. The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed, the principal function of his investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal—to 'enable the police to quick-ly determine whether they should allow the suspect to go about his business

or hold him to answer charges.' . . ." (*In re Tony C.* (1978) 21 Cal.3d 888, 894 [148 Cal.Rptr. 366, 582 P.2d 957].)

In the course of his continued investigation, it was reasonable for the officer to seek a field sobriety test of the drunken driver suspect. And when the suspect, plaintiff Marvin, refused the field sobriety test, additional evidence of her guilt appeared. Such has been held to be evidence of a *consciousness of guilt.*

In *People* v. *McGinnis* (1953) 123 Cal.App.2d Supp. 945 [267 P.2d 458], the court was also concerned with the refusal of a suspected drunken driver to submit to a sobriety test. It was concluded that such a refusal was conduct tending to show a *consciousness of guilt,* and that it was therefore admissible in evidence against the suspect. (To the same effect see *People* v. *Zavala* (1966) 239 Cal.App.2d 732, 740-741 [49 Cal.Rptr. 129]; *People* v. *Conterno* (1959) 170 Cal.App.2d Supp. 817, 831 [339 P.2d 968]; Witkin, Cal. Evidence (2d ed. 1966) The Hearsay Rule, § 515(e), p. 485.)

In the case before us the officer had observed plaintiff Marvin's erratic driving, he then detected a strong odor of alcohol about her breath and person. And when, added to that evidence, was her refusal to submit to a field sobriety test, reasonably interpreted as a consciousness of guilt, there was patently probable cause for her arrest.

It becomes the function of this court on the uncontroverted evidence to determine, in light of the whole record, whether there is substantial evidence tending to support the finding of the superior court, and in considering this question we must view the evidence most favorably to the finding. (*In re Roderick P.* (1972) 7 Cal.3d 801, 808 [103 Cal.Rptr. 425, 500 P.2d 1]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Applying this rule, we find *no* substantial evidence supportive of the superior court's finding of a lack of probable cause for plaintiff Marvin's arrest.

It becomes unnecessary to determine whether probable cause for plaintiff's arrest existed *before* her refusal to take the sobriety test.

The judgment is reversed.

Racanelli, P. J., and Holmdahl, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 16, 1985.